**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

TENNIS & FRIENDS S.L., a Spanish Company,

           Plaintiff,

-vs-                                                     Case No.  2:10-cv-788-FtM-29SPC

NAPLES TENNIS CLUB LLC, a Florida limited
liability company,  TENNIS NAPLES, LLC, a
Delaware limited liability company,

           Defendants.
_____

**ORDER**

      This matter comes before the Court on Defendant Tennis Naples, LLC's Motion to Vacate Order of Clerk's Default (Doc. #16) filed on May 17, 2011.  Plaintiff filed a Notice of Lack of Opposition to Defendant, Tennis Naples, LLC's Motion to Vacate Order of Clerk's Default (Doc. #18) on May 18, 2011.

      The Court may set aside the entry of a Clerk's Default for "good cause." Fed. R. Civ. P. 55(c). "Good cause" is a mutable standard which varies from situation to situation. Sobkowski v. Wyeth, Inc., 2004 WL 3569703 *2 (M.D. Fla. June 4,2004) (citing Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion, 88 F.3d 948, 951 (11th Cir.1986)).  It is also a liberal standard-"but not one so elastic as to be devoid of substance." Sobkowski, 2004 WL 3569703 at *2.

      Although there is no set formula for determining whether good cause exists, federal courts commonly apply the following guidelines: (1) whether the default was the result of culpable conduct

on the part of the defendant; (2) whether the plaintiff would be prejudiced if the default should be set aside; and (3) whether the defendant presents a meritorious defense. Id. (citing In re Dierschkle, 975 F. 2d 181, 183 (5th Cir. 1992)). These factors are guidelines only and thus "[w]hatever factors are employed, the imperative is that they are regarded simply as a means of identifying circumstances which warrant the finding of good cause to set aside a default. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Sobkowski, 2004 WL 3569703 at *2 (citing Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F. 2d 190, 194-195 (6th Cir. 1986)).

In the instant case, the Defendant, Tennis Naples, LLC, shows good cause under Rule 55(c) to set aside the Court's order of Default Judgment. The Affidavit of Craig Bouchard demonstrates that Tennis Naples, LLC's untimely answer was not a result of willful or reckless disregard, rather a mere oversight. Furthermore, the Plaintiff Tennis & Friends S.L. will not be prejudiced if the default should be set aside. The original lawsuit consisted of two Defendants, the first of which properly responded and is prepared to defend the law suit. Therefore, vacating the default will not cause undue hardship upon the Plaintiff because they still must continue with the same lawsuit. Tennis Naples indicates in their Motion that they intend to file a 12(b)(1) motion to dismiss. A 12(b)(1) motion for lack of subject-matter jurisdiction is clearly a meritorious defense, if successful, the case would be dismissed from Federal Court.

Accordingly, it is now

**ORDERED:**

The Defendant Tennis Naples, LLC's Motion to Vacate Order of Clerk's Default (Doc. #16) is **GRANTED**.

**DONE AND ORDERED** at Fort Myers, Florida, this  19th   day of May, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record