```
                      UNITED STATES DISTRICT COURT
                       MIDDLE DISTRICT OF FLORIDA
                          FORT MYERS DIVISION
```

TENNIS & FRIENDS S.L., a Spanish
Company,

                Plaintiff,

vs.                                        Case No. 2:10-cv-788-FtM-29SPC

NAPLES TENNIS CLUB LLC, a Florida
limited liability company, TENNIS
NAPLES, LLC, a Delaware limited
liability company,

                Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendants' Dispositive Rule 12(b)(1) Motion to Dismiss (Doc. #14) filed on May 4, 2011. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss (Doc. #17) was filed on May 18, 2011. For the reasons set forth below, the case is dismissed without prejudice.

Principles of jurisdiction in federal court are well established.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)(internal citations omitted).

Subject-matter jurisdiction in this case is premised on diversity of citizenship under Title 28, United States Code, Section 1332. This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007).

A limited liability company is a citizen of every state (or country) in which one of its members is located. Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020 (11th Cir. 2004). The Complaint (Doc. #1) fails to allege the citizenship of either defendant's members, and therefore has not factually alleged a basis for diversity jurisdiction. Pursuant to 28 U.S.C. § 1653, plaintiff will be allowed to file an amended complaint to properly plead jurisdiction. If plaintiff cannot do so, the case must be filed in state court.

Accordingly, it is now

**ORDERED**:

1. Defendants' Dispositive Rule 12(b)(1) Motion to Dismiss (Doc. #14) is **GRANTED**, and the Complaint (Doc. #1) is dismissed without prejudice.

2. Plaintiff may file an amended complaint within **twenty-one (21) days** of the entry of this Opinion and Order. If no amended complaint is filed, the Clerk of the Court shall close the case without further order.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of October, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
DCCD